UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: APPLE INC. APP STORE SIMULATED
CASINO-STYLE GAMES LITIGATION                                         MDL No. 2985

IN RE: GOOGLE PLAY STORE SIMULATED
CASINO-STYLE GAMES LITIGATION                                         MDL No. 3001

ORDER DENYING TRANSFER

    **Before the Panel:**[*]  The above-captioned MDLs involve casino-style game apps available from the Apple App Store (MDL No. 2985) and the Google Play Store (MDL No. 3001).  In both MDLs, plaintiffs allege that defendants Apple Inc. and Google LLC, through their respective app stores, promote, facilitate, and profit from gambling in violation of state laws by distributing casino-style games that allow users to purchase virtual coins "for the chance to win more playing time."  *See In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 532 F. Supp. 3d 1409 (J.P.M.L. 2021) ("*Apple*"); *In re Google Play Store Simulated Casino-Style Games Litig.*, 544 F. Supp. 3d 1364 (J.P.M.L. 2021) ("*Google*").  In 2021, we centralized both MDLs in the Northern District of California before Judge Edward J. Davila.

    Earlier this year, a class action (*Bargo*) was filed against various Apple and Google entities seeking to recover monies lost by persons who played "sweepstakes casino" games through Apple and Google platforms.  *See* Attached Schedule.  According to the *Bargo* complaint, sweepstakes casino games involve the chance to win cash, gift cards, cryptocurrency, and other prizes with monetary value.

    Defendant Apple moves under 28 U.S.C. § 1407 to transfer *Bargo* to MDL No. 2985, *In re: Apple Inc. App Store Simulated Casino-Style Games Litigation*.  Defendant Google moves under 28 U.S.C. § 1407 to transfer *Bargo* to MDL No. 3001, *In re: Google Play Store Simulated Casino-Style Games Litigation*.  In their consolidated reply brief, defendants suggest that *Bargo* should be included in both MDLs because it shares questions of fact with both.  They also suggest that *Bargo* could be transferred solely to the lower-numbered *Apple* MDL for administrative convenience.  Under both scenarios, they agree that the extent of coordination would be left to the discretion of the transferee court.  We received two responses to the motions – one from plaintiffs

---

[*]  Judge Roger T. Benitez did not participate in the decision of this matter.

in *Bargo* and another from Plaintiffs' Interim Lead Counsel in the MDLs.  Both groups of plaintiffs oppose the motions to transfer.

After considering the argument of counsel, we deny the motions to transfer.  In our orders establishing the above-captioned MDLs, we held that centralization was warranted for actions against Apple and Google alleging that "casino-style app games in [defendants' app stores], such as slots, poker, blackjack, and bingo, allow users to purchase virtual coins or coin-like objects to play for the chance to win more playing time and that paying money *for the chance to win more playing time* constitutes unlawful gambling."  *See Apple*, 532 F. Supp. 3d at 1410 (emphasis added); *Google,* 544 F. Supp. 3d at 1365 (emphasis added).  In that context, we determined that common factual questions arose from plaintiffs' allegations that defendants, through their app stores, "promote[], facilitate[], and profit[] from simulated casino-style games that involve gambling in violation of state laws."  *See Apple*, 532 F. Supp. 3d at 1410; *Google,* 544 F. Supp. 3d at 1365.[1]  The *Bargo* action does not fit within the scope of the MDLs, as *Bargo* focuses on casino-style games that involve virtual coins that can be redeemed for prizes with cash value, such as "*cash, gift cards, or cryptocurrency*."  *See Bargo* Compl. ¶¶ 8, 24 (emphasis in original).  Considering the factual differences between *Bargo* and the MDLs, transfer would not serve the just and efficient conduct of the litigation.  Inclusion of *Bargo* in the MDLs likely would expand the scope of the MDLs to include a broader universe of casino-style apps involving cash or cash-value prizes.  This would be a significant and unwarranted expansion of the MDLs.

In support of transfer, defendants assert that the social casino games at issue in the MDLs actually do include "sweepstakes casino" games, emphasizing that the master pleadings in the MDL refer to the at-issue games as "Illegal Slots" and a named plaintiff in the Apple MDL bases her claim on losses from playing "High 5 Casino" – one of the sweepstakes casino games at issue in *Bargo*.  But defendants' attempt to cast the *Bargo* sweepstakes casino games as essentially the same as those in the MDLs is not tenable.  That characterization is inconsistent with our initial transfer orders.  It also is contradicted by the master complaints in the MDLs, which allege claims based on social casino apps that "do not allow players to cash out their chips" and in which "both purchased and won chips alike can be used only for more 'spinning.'"[2]  This understanding of "Illegal Slots" also is confirmed by the transferee court decision on dispositive motions.  *See In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 625 F. Supp. 3d 971, 974 (N.D. Cal. 2022) (setting forth the same description of the social casino games in the MDLs).

---

[1] We further observed that some of the common factual questions would include (1) the "nature of the game play within the same 200 or more involved apps and the nature of in-app purchases"; (2) the nature of each defendant's "relationship with the third-party app developers"; (3) their "financial arrangements for distributing app-based revenue from the games"; and (4) their "alleged promotion of the apps." *See Apple*, 532 F. Supp. 3d at 1410; *Google,* 544 F. Supp. 3d at 1365.

[2] *See* Am. Master Compl. ¶ 3, *In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 21-2985 (N.D. Cal. Nov. 1, 2024), ECF No. 144; Am. Master Compl. ¶ 3, *In re Google Play Store Simulated Casino-Style Games Litig.*, No. 21-3001 (N.D. Cal. Nov. 1, 2024), ECF No. 124.

The reference to the "High 5 Casino" app in the MDL master complaints appears to create a degree of factual overlap. But the fact that a single app is common to both *Bargo* and the Apple MDL does not warrant expanding the Apple MDL (or the Google MDL) to include sweepstakes casino apps. That expansion would not serve the just and efficient conduct of the litigation. In such circumstances, we often exclude actions presenting limited factual overlap.[3]

Defendants further argue that, aside from the casino-like nature of the games, transfer is warranted because (1) *Bargo* also shares factual questions with the MDLs concerning how defendants allegedly promote and profit from such apps; (2) there is a risk of inconsistent rulings on their immunity defense under the Communications Decency Act, which is the subject of pending motions to dismiss in the MDLs and an anticipated motion to dismiss in *Bargo*; and (3) the putative classes overlap. These arguments are unpersuasive.

First, defendants' emphasis on similar revenue-sharing relationships with app developers is not sufficient to justify transfer. Defendants' revenue-sharing with app developers is undoubtedly among the many factual questions in the MDLs, but it is not part of the common factual core.[4]

Second, the potential risk of inconsistent rulings is not significant enough to warrant transferring *Bargo* and expanding the scope of the MDLs. The factual records underlying the different apps involved in *Bargo* and the MDLs are likely to vary, given the different kinds of alleged gambling and payment mechanisms involved, and different facts may reasonably give rise to different rulings. Additionally, the parties can minimize the risk of inconsistent rulings by coordinating the pretrial proceedings in the involved districts and alerting each court to relevant rulings by the other.

Third, overlap in the proposed classes appears unlikely. The *Bargo* complaint proposes a class of those "who have lost money by wagering in any Sweepstakes Casino" through Apple and Google platforms, whereas the MDL master complaints propose a class of those "who have lost money to Illegal Slots," which refers to social casinos with virtual coins that cannot be redeemed

---

[3] *See, e.g., In re Mirena IUD Prods. Liab. Litig.*, MDL No. 2434, Order Denying Transfer at 1 (J.P.M.L. Feb. 6, 2015) (denying transfer of action that alleged the same product defect and injury at issue in the MDL because "the focus of the action [was] fairly characterized as birth defect" claims that were not included in the MDL).

[4] That argument also proves too much, as defendants' alleged policies concerning an alleged 30% commission on in-app purchases is not limited to casino-style apps, but rather extends to a broad range of apps beyond the scope of these MDLs. *See, e.g., Epic Games v. Apple*, 67 F.4th 946, 966-67 (9th Cir. 2023) (discussing Apple's relationship with app developers generally and noting that, "[s]ubject to some exceptions, Apple collects a 30% commission on … in-app purchases" and observing that Google Play Store also charges a 30% rate); *In re Google Play Store Antitrust Litig.*, No. 21-md-2981, 2022 WL 17252587, at *13 (N.D. Cal. 2022) (discussing Google's policy of "tak[ing] 30% of all revenues on ... the sale of digital content within the Apps").

-4-

for real money.[5]  If needed, the parties can informally coordinate class certification proceedings between the two courts, and the involved courts can address any potential double recovery by putative class members at the appropriate time.[6]

IT IS THEREFORE ORDERED that the motion for transfer of the *Bargo* action listed on Schedule A is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David. Norton              Dale A. Kimball
Madeline Cox Arleo

---

[5] Lead counsel in the MDLs and plaintiffs' counsel in *Bargo* have stated in the Panel briefing that the putative classes do not overlap.

[6] *See In re Monitronics Int'l, Inc., Tele. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2493, Order Denying Transfer at 2 & n.2 (J.P.M.L. Aug. 2, 2017) (denying transfer of potential tag-along where overlapping class was alleged because of concerns about expanding the scope of the MDL).

**IN RE: APPLE INC. APP STORE SIMULATED**
**CASINO-STYLE GAMES LITIGATION**                     MDL No. 2985

**IN RE: GOOGLE PLAY STORE SIMULATED**
**CASINO-STYLE GAMES LITIGATION**                     MDL No. 3001

**SCHEDULE A**

<u>District of New Jersey</u>

BARGO, ET AL. v. APPLE INC., ET AL., C.A. No. 2:25-02025